NUMBER 13-06-140-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


BOBBY LYNN LOFTIS, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 94th District Court of Nueces County, Texas

 


MEMORANDUM OPINION


Before Chief Justice Valdez, and Justices Rodriguez and Garza


Memorandum Opinion by Justice Garza
 

 A jury found appellant, Bobby Lynn Loftis, guilty of attempted capital murder, injury
to a child, and aggravated assault. The jury sentenced appellant to life imprisonment for
the attempted capital murder charge and for the injury to a child charge, and to twenty
years' imprisonment for the aggravated assault charge, all running concurrently. By one
issue, appellant contends the trial court erred in denying his request for a "sudden passion"
instruction in the punishment phase. We affirm. 

Background

 Appellant and Brenda Elizondo dated for eight or nine years until breaking up in
2005. In 1999, they had a daughter, Veronica Loftis. Appellant's relationship with Brenda
was an abusive one. According to appellant, on August 27, 2005, he wanted to take
Veronica to Dallas to visit his parents. Appellant asked Brenda to allow him to take
Veronica, asked her to get back together with him, and wanted Brenda to give him a ride
to the airport or bus station. Brenda refused to pursue a relationship with appellant,
refused to allow appellant to take Veronica to Dallas, and refused to give appellant a ride. 
Appellant, who claimed he was upset even before he met with Brenda and Veronica, grew
angrier with Brenda's refusal to concede to his wishes. Appellant drew a gun and insisted
that Brenda resume a relationship with him. Appellant then choked Brenda, pointed the
gun at her and said, "If you don't take me to the airport right now I'm going to kill all your
fucking family." Appellant then shot Brenda in the head, and proceeded to shoot his six-year-old daughter in the head. After being shot, Veronica fell to the floor, got back up and
said "[M]y daddy shot my mom and he shot me and I don't want to die." Appellant then
shot himself. Brenda, Veronica, appellant, and Brenda's 82 year-old grandmother, Olivia,
who suffered a heart attack as a result of the altercation, were taken by ambulance to the
hospital. Brenda suffered a gunshot wound above her right eyebrow with an exit wound
on her left temporal lobe. Veronica suffered a gunshot wound on the left side of her head. 
Appellant had a gunshot wound under his chin and an exit wound on the top of his
forehead. Both Brenda and Veronica sustained serious bodily injury, but Brenda sustained
the most serious injury. Brenda suffered brain damage, her nose and entire roof of her left
eye were destroyed, she lost all vision in her left eye, and was unable to open the eyelid. 
Veronica made a miraculous recovery. 

 At trial, appellant claimed the gun accidently went off once, injuring both Brenda and
Veronica with one bullet. He admitted to intentionally shooting himself. Appellant testified
that he had never before been as angry as the night of the shooting and that he "just, lost
[his] (unintelligible)." He claimed that he was set off because Brenda refused to let him
take Veronica out of town and the fact that the argument went on and on "and it just kept
building up and I just lost control." 

Analysis


 In his sole issue, appellant contends the trial court erred in refusing his request to
submit a "sudden passion" instruction to the jury during the punishment phase of trial. See
Tex. Pen. Code Ann. § 19.02(d) (Vernon 2003). (1) At the punishment stage of a murder trial,
"the defendant may raise the issue as to whether he caused the death under the
immediate influence of sudden passion arising from adequate cause." Id. "Sudden
passion" means "passion directly caused by and arising out of provocation by the individual
killed." Id. § 19.02(a)(2). "Adequate cause" means "cause that would commonly produce
a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to
render the mind incapable of cool reflection." Id. § 19.02(a)(1). If the defendant proves
the issue by a preponderance of the evidence, the offense is reduced to a second degree
felony. Id. § 19.02(d).

 In the present case, appellant was convicted of attempted capital murder, not
attempted murder. Because appellant was convicted of attempted capital murder, he was
not entitled to the submission of a sudden passion instruction in the punishment charge. 
See Ex parte Watkins, 73 S.W.3d 264, 276 (Tex. Crim. App. 2002) (stating "if appellant is
convicted of attempted capital murder, the trial court will not even have occasion to submit
the 'sudden passion' issue.") (emphasis original); see also Wesbrook v. State, 29 S.W.3d
103, 113 (Tex. Crim. App. 2000) (providing that a person convicted of capital murder is not
entitled to submission of "sudden passion" issue at punishment). 

 Appellant contends that the reasoning in Mims v. State, 3 S.W.3d 923 (Tex. Crim.
App. 1999) supports a conclusion that, because attempted murder is a lesser included
offense of attempted capital murder, the issue of "sudden passion" can be submitted in an
attempted capital murder case. However, in Watkins, the court of criminal appeals, in
addressing a contention similar to the one in Mims, explained that although "sudden
passion" can be an issue in an attempted murder prosecution, its applicability is due to the
derivation of attempted murder from murder. See Watkins, 73 S.W.3d at 276 n.6. The
court reasoned, "[b]ecause the 'sudden passion' issue is not applicable to capital murder,
it would likewise be inapplicable to attempted capital murder." Id. The court further
explained: 

Under Wesbrook, "sudden passion" does not reduce a capital murder to a
lesser crime. That capital murder is built upon first degree murder is
immaterial. If the State proves the additional elements required to establish
capital murder, then "sudden passion" simply does not constitute a partial
excuse to the crime, as it would if the State had proved only ordinary murder. 
The Legislature is within its prerogative to set a factor that is mitigating as a
matter of law with respect to one offense, but not with respect to a greater
offense. 


Id. Because appellant was not entitled to the submission of the issue of "sudden passion,"
the trial court properly denied his request to instruct the jury. Accordingly, appellant's issue
is overruled.

Conclusion

 The judgment of the trial court is affirmed.



 _________________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 12th day of April, 2007.
1. Specifically, appellant contends the "sudden passion" instruction should have been submitted for his
attempted capital murder charge.